# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

LARRY SMITH,          )
                                   )
             Petitioner,     )
                                   )
     vs.                     )         1:11-CV-1044-JMS-DML
                                   )
PAROLE BOARD,        )
                                   )
             Respondent.    )

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Larry Smith for a writ of habeas corpus must be denied and the action dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I.  The Petition for Writ of Habeas Corpus

Larry Smith is confined at an Indiana prison and challenges the computation of his sentence imposed by an Indiana state court by alleging that through the earning or award of good time credit his sentence has been fully served. He does this through the document he has labeled as his motion for declaratory judgment. This motion is accompanied by his motion for injunctive relief.

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 487-89 (1973). That is the relief Smith seeks. Accordingly, the motion for declaratory judgment is treated as a petition for writ of habeas corpus. *Castro v. United States,* 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts.* This is an appropriate case for such a disposition.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the

opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)(internal quotations and citations omitted). In particular, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009).

Under Indiana law, a claim that a sentence has expired can be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Smith to continue his challenge in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The dismissal of the action shall be **without prejudice**.  The motion for injunction [2] is **denied as moot**.

**IT IS SO ORDERED.**

Date: ___08/15/2011_____

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana